**UNITED STATES of America**

**v.**

**Thomas E. STANLEY, Appellant.**

**UNITED STATES of America**

**v.**

**Thomas E. FULTON, Jr., Appellant.**

**Nos. 71–1641, 71–1857.**

United States Court of Appeals, District of Columbia Circuit.

June 21, 1972.

Messrs. Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., and Mrs. Ann S. DuRoss, Asst. U. S. Atty., were on the motion for appellee.

Before WRIGHT and WILKEY, Circuit Judges.

PER CURIAM:

The court has before it for consideration a motion by the Government for leave to file its brief as appellee in this criminal case, time having expired. The routine court procedure heretofore has been to grant such motions as a matter of course. This practice, though, has developed into an unfortunate abuse which now delays disposition of criminal appeals in this court to such an extent that we are compelled to act in the expectation of remedying the situation.

The Federal Rules of Appellate Procedure provide that the appellee shall file its brief within 30 days after service of the brief of the appellant. Rule 31, Fed.R.App.P. Compliance with this rule in criminal matters is compelled by a proper regard for the efficient operation of the administration of justice on the appellate level in general, and principally by the overriding concern to provide those found guilty of a crime with a speedy determination of the claims which may either set them free or send them on the way to the proper correctional institution.

The picture presented by these cases is typical of the delay this court has encountered in criminal appeals. The cases were consolidated for all purposes by order of the court. Appellant in No. 71–1641 filed his brief on January 17, 1972. The Government requested an extension of time to file its brief until the second appellant's brief was filed. This extension was granted. Appellant's brief in No. 71–1857 was filed on February 3, 1972. Ten days before appellee's brief was due, a request for an extension until April 4 was received. The court granted the extension to April 4 —with the notation that "no further ex-

tensions will be granted." The instant motion, together with the lodged brief, was received on April 20, over two weeks from the date of no return. What is more, the brief did not conform to the Federal Rules of Appellate Procedure. In order to save the time consumed by waiting for the printed copy, the court accepted the brief, without proper indices, in the typewritten form in which it was sent to the printer.

An unpublished study of the flow of cases in this court conducted by the Federal Judicial Center revealed that one of the major causes of delay in disposition of criminal appeals is the failure of the Government to file its brief timely.[1] The sample showed the average period of time between filing of appellant's brief and filing of the Government's to be *74.3* days. Under the rules it is due in *30* days. The Government's brief was filed late in 98.3 per cent of the cases. The problem has risen to unmanageable proportions.

The court has been mindful of the high quality of appellate advocacy afforded by the United States Attorney's office. We have no doubt that maintaining such a standard takes a heavy toll in terms of the resources of the Assistant United States Attorneys involved. We note that the Assistant United States Attorney responsible for filing this brief had worked, according to this motion, several days with little or no sleep in its preparation. It is unfortu-

nate that those in the United States Attorney's office are overburdened with work to such a degree. Relief should be provided. The Government, of all litigants, should comply with the law.

Appellants generally remain in jail pending appeal. Both appellants in these consolidated cases have had motions for release pending appeal before the court. Faced with the spectre of delay caused by the Government, it becomes increasingly hard for appellate judges in good conscience to deny release pending appeal when the United States Attorney's office is requesting one, two, and three extensions in filing its brief on the merits.

The procedure followed in the past by this court has been to schedule cases for argument after receipt of the appellee's brief. Under that system, delay by the Government in filing its brief had the unfortunate effect of delaying disposition of the appeal on the merits. In order to alleviate the detriment to appellants caused by the practice of the United States Attorney's office and to eliminate the practice itself, we will henceforth schedule criminal appeals for argument at the time of receipt of the appellant's brief.[2] The scheduling will be done on the assumption that the Government's brief in future cases will be filed within 30 days, as required by the Federal Rules of Appellate Procedure.

So ordered.

---

1. The study analyzed a sample of 70 criminal cases disposed of between January and May, 1971.

2. This change in our internal rules has been approved by all the judges of this court.